UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

                    Plaintiff,

v.

BRIAN TENNISWOOD,

                    Defendant.
_____/

Civil Action No. 24-12655

Judith E. Levy
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S CLAIMS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 41(b) AND TO DENY AS MOOT DEFENDANT
TENNISWOOD'S MOTION FOR SUMMARY JUDGMENT (ECF No. 24)**

**I.    REPORT**

    **A.    Procedural History**

On October 8, 2024, *pro se* plaintiff Martell Jones ("Jones"), an incarcerated person, commenced this civil rights action, pursuant to 42 U.S.C. § 1983, against defendant Brian Tenniswood ("Tenniswood").[1]  (ECF No. 1).  In short, Jones alleges that Tenniswood harassed him, and then, after Jones filed a grievance, retaliated against him by destroying his belongings, filing a false misconduct charge against him, and physically assaulting him. Jones thus asserts claims for violation of his rights under the First and Eighth Amendments to the United States Constitution.

On January 30, 2026, after discovery closed, Tenniswood filed a Motion for

---

[1] On May 2, 2025, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b).  (ECF No. 10).

Summary Judgment.  (ECF No. 24).  On February 3, 2026, this Court issued an Order Requiring Response, specifying that Jones' response to Tenniswood's motion was due on or before February 27, 2026.  (ECF No. 26).  When Jones failed to timely file a response, this Court issued an Order to Show Cause, requiring a response by April 3, 2026.  (ECF No. 27).  In that Order, Jones was specifically warned that, "**Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Tenniswood's motion, may result in a recommendation that Tenniswood's motion be granted and/or that Jones' claims be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.*, PageID.221) (emphasis in original).  To date, however, Jones has neither filed a response in opposition to Tenniswood's motion, nor responded to the Court's Order to Show Cause.

### B.    Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it

was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All four of the factors favor dismissal here.

The Court has twice expressly warned Jones that his claims could be dismissed if he failed to respond to Tenniswood's dispositive motion or to the Court's Order to Show Cause. (ECF No. 26, PageID.218; ECF No. 27, PageID.221). Nevertheless, Jones has

3

failed to do either, meaning that the first[2] and third factors weigh in favor of dismissal. As to the second factor, Tenniswood is prejudiced by having this action remain pending against him without it being advanced to a timely conclusion due to Jones' apparent abandonment of his claims against him. This is particularly true where Tenniswood has expended the time and resources necessary to research and draft his dispositive motion, despite the fact that Jones apparently has lost interest in his case. And, finally, given Jones' repeated failures to comply with this Court's rules and orders, the Court sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

## II.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Jones' complaint **(ECF No. 1)** be **DISMISSED WITH PREJUDICE,** and that Tenniswood's Motion for Summary Judgment **(ECF No. 24)** be **DENIED AS MOOT**.

Dated: April 20, 2026                          s/David R. Grand
Ann Arbor, Michigan                        DAVID R. GRAND
                                                      United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation,

---

[2] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault …." *Id*. Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*.

any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

5