**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Martell Jones,

Plaintiff,

v.

Brian Tenniswood,

Defendant.

________________________________/

Case No. 24-12655

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [35]**

On May 14, 2026, the Court adopted Magistrate Judge David R. Grand's Report and Recommendation ("R&R") recommending the Court dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. (ECF No. 30.) After this order was issued, the Court received Plaintiff Martell Jones' objections to the R&R. (ECF No. 32.)

Plaintiff states under penalty of perjury that he never received the motion for summary judgment or the order to show cause, and that he received the R&R too close to the deadline to timely respond. (*Id.*) In response to Plaintiff's objection, the Court set deadlines for Plaintiff to

file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and to file his response to Defendant's motion for summary judgment. (ECF No. 33.) Plaintiff timely filed both documents. (ECF Nos. 34, 35.)

Before the Court is Plaintiff's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 35.)

Under Rule 60(b), the Court

> may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Fed. R. Civ. P. 60(c)(1). Whether to grant relief under Rule 60(b) is in the Court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("The grant of motions made under rule 60(b) is a matter of discretion for the district court.").

The Court grants Plaintiff's motion pursuant to Rule 60(b)(1) because Plaintiff's failure to obey Judge Grand's order or to file a timely R&R was excusable and inadvertent. As set forth previously, Plaintiff declared under penalty of perjury that he did not receive Judge Grand's order to show cause nor Defendant's motion for summary judgment, and received the R&R too close to the deadline to timely respond. (ECF No. 32.) Thus, Plaintiff's failure to timely respond to the order and R&R were inadvertent and the Court finds that relief from the judgment is warranted in this case.

Plaintiff's motion for relief from judgment is GRANTED. (ECF No. 35.) The Court's order dismissing the case (ECF No. 30) and the judgment (ECF No. 31) are VACATED. It is ORDERED that this matter is referred to Magistrate Judge David R. Grand for all pretrial proceedings,

including reconsideration of Defendant's motion for summary judgment. (ECF No. 24.)

IT IS SO ORDERED.

Dated: July 30, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager